NORFOLK & WESTERN RY. v. STELLA BECK.

**Failure to Show Excessive Speed of Train or Omission of Requisite Warnings Precludes Recovery for Injuries to Vehicle at Crossing.**

> The whistle of an approaching train, running at not to exceed twenty miles an hour, having been sounded 1200 feet from a street crossing, the bell continuously rung and the train stopped in its length after the locomotive rounded a curve 200 feet from the street, no recovery for injuries to a horse, wagon and load can be sustained, especially since no evidence is offered that the train was running at excessive speed or warnings by whistle or bell were omitted to be given.

ERROR to common pleas court.

*Hollister & Hollister,* for plaintiff in error.

*Thorndyke & Capelle,* for defendant in error.

Plaintiff below recovered a verdict below of $229.64, on account of injury to a horse and wagon and its load from being struck by one of the Norfolk & Western Ry. trains at Langdon and Floral avenues, Evanston.

## SMITH, P. J.

In this case it is urged by plaintiff in error that no negligence is alleged in the petition; that no case of negligence is made out by the evidence on the part of plaintiff in error; and that the agent of defendant in error who was driving the wagon at the time of the accident was guilty of contributory negligence.

The acts of negligence alleged in the petition are, "that at the time of the accident, plaintiff's wagon was being driven along the public highway leading through Evanston, and that the defendant, by its agent, in approaching said crossing ran said train with great speed and omitted to give any signal by bell or whistle or otherwise of its approach."

Hamilton County.

Assuming that these facts would constitute negligence on the part of the plaintiff in error, the question presented is, whether or not these acts of negligence are proven.

In this respect we think the plaintiff has failed. The overwhelming evidence is, that at 1200 feet from the crossing, at the whistling post for the crossing, the engineer sounded the whistle, the fireman began to ring the bell and continued to do so up to the time of the accident, and the train was only running at from eighteen to twenty miles per hour. That as soon as the engineer and the fireman saw the horse upon the track, which was at a distance of 200 feet therefrom, being upon a curve, the engineer did all that he could to stop the train and 'did stop it within the train's length, at which time the wagon was right at the back of the baggage car. No witness testifies that the bell was not rung or that the whistle was not sounded, and according to another witness who was at the point of the accident at the time thereof, and first saw the driver walking away from the railroad track leaving his wagon stuck on the roadway.

The court is of the opinion, therefore, that the evidence clearly shows negligence on the part of the driver of the wagon, and that none is disclosed on the part of the railway company.

In view of the case it is not necessary to consider other errors alleged.

The judgment of the court below will be reversed and judgment entered in this court for plaintiff in error.

**Swing** and **Jones, JJ.,** concur.